**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | )   **CRIMINAL ACTION** |
| | ) |
| v. | )   No. 04-40141-01, 02 |
| | ) |
| ARLAN DEAN KAUFMAN and | ) |
| LINDA JOYCE KAUFMAN, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

Before the court is a Motion to Intervene and to Oppose Exclusion of Sketch Artists filed by Media General Operations, Inc., d/b/a KWCH-TV CHANNEL 12, a Wichita television station (Doc. 275). The motion was filed on October 4, 2005. Channel 12 seeks to intervene "for the limited purpose of opposing a verbal order of the court, entered sua sponte and without hearing or notice, indicating that sketch artists will be excluded from the trial of this matter."

An objective person possessing knowledge of the facts would disagree with Channel 12's description of the court's actions –and they'd be right. However, in order not to offend the delicate sensibilities of Channel 12 and its lawyers, the court merely will point out the following: On the morning of October 3, the day before jury selection in this case was to begin, the court's secretary received a call from an individual identifying himself as a representative of the U.S. Attorney's office. This individual inquired if the court would permit sketch artists to be present

during the trial.  The court told its secretary to inform the caller that sketch artists would not be allowed.  She did so. Contrary to Channel 12's characterization, the court did not act sua sponte.  According to <u>Black's Law Dictionary</u> 1424 (6th ed. 1990), sua sponte is Latin for "of his or its will or motion; voluntarily; without prompting or suggestion."  Until the court received the inquiry, the subject of sketch artists had not crossed the court's mind.  The court was preparing to select a jury for a fairly lengthy trial having some notoriety.  The court did not act without prompting or suggestion; rather, it responded to the caller's inquiry.  In doing so, the court gave notice to the only entity it believed was interested; the U.S. Attorney's office.  The court had no reason to believe that the U.S. Attorney's office was acting as a stalking horse for Channel 12 (if, in fact, it was) or any other member of the fourth estate.  If, in fact, the real party in interest was Channel 12, the court cannot help but wonder why its attorneys did not contact the court directly.  There is a fairly well known device with which Channel 12 and its lawyers may be familiar, frequently known as the telephone or, more recently, a cell phone.  By depressing numbered buttons on this device in the appropriate order, the user may speak with a person at a distant location.  For reasons which are unexplained, Channel 12 and its lawyers chose not to utilize this device[1] or otherwise attempt to

---

[1]The court notes that Channel 12 is represented by lawyers from two –count 'em, two– large law firms, one in Kansas City and the other in Florida.  For future reference, there are many fine lawyers and law firms in Wichita which are acquainted with the use of a telephone.

-2-

communicate directly with the court.  The court also wonders why Channel 12 waited until the day before trial to express, through the U.S. Attorney, its desire to have a sketch artist in the courtroom.  The trial date has been set and known to the public for weeks.

In any event, the court's law clerk has communicated with one of Channel 12's lawyers.  Channel 12 wants an expedited hearing. Its law clerk pointed out to Channel 12's lawyer that the certificate of service attached to the motion does not reflect service upon all counsel in the case.  Channel 12's lawyer responded that the motion was electronically served upon all counsel, including counsel for the Kaufman House residents, Messrs. Lowry and Ariagno.  The court brought the motion to the attention of the attorneys actually involved in the trial, each of whom expressed disinterest in having a sketch artist in the courtroom. However, to be completely fair to all concerned, the court will give Messrs. Lowry and Ariagno an opportunity to respond to the motion, which they must do no later than noon, October 11, 2005. In addition, by the same day and hour, Channel 12 shall file an offer of proof regarding the evidence it proposes to present at its requested hearing.  The offer of proof must comply with the standards set forth in <u>United States v. Adams</u>, 271 F.3d 1236 (10th Cir. 2001).  When the court has received responses from Messrs. Lowry and Ariagno and has reviewed Channels 12's offer of proof, it will determine whether a hearing is warranted.  If one is, it will be set at a time which will not interfere with the orderly conduct of the trial.  If the court determines that a hearing is

not necessary, it will rule on the motion by written order.

IT IS SO ORDERED.

Dated this __6th__ day of October 2005, at Wichita, Kansas.


s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE